### SPITZER v. ROSENBAUM et al.

(Supreme Court, Appellate Term, First Department.  November 8, 1912.)

TRIAL (§ 62*)—REBUTTAL—ISSUES.

    Though, in an action for an employé's wages, the question of whether defendant retained a certain sum a week from plaintiff's salary as security against plaintiff's striking, or whether it was retained as compensation for wasting material, was not raised by the pleadings, if it was raised by plaintiff's proofs and was material, defendant was entitled to offer counter proof.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 148–150; Dec. Dig. § 62.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Lief Spitzer against Leon Rosenbaum and another.  From a judgment for plaintiff, defendants appeal.  Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Joseph P. Friedman, of New York City, for appellants.
Nathaniel Choloney, of New York City, for respondent.

BIJUR, J.  A part of plaintiff's claim was conceded, namely, $7.-59.  The appeal refers to the award of $63.50 on the second cause of action.

The trial of this case was radically confused by insufficiency of pleading and irregular proof thereunder.  The result is that the real point in controversy, namely, whether defendants retained 50 cents a week out of plaintiff's salary conditionally, as security against his going on strike (which it is conceded he did not do),

or, as defendants claim, whether they retained it absolutely as compensation for estimated "waste" of material which he would commit in the course of manufacture, was not submitted to the jury. It is true that this question is not raised by the pleadings; but it was raised by plaintiff's proofs, and the defendants should have been permitted to meet it by counter proof.

Under the circumstances, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.